# EXHIBIT A

Filed          17-CI-00645     10/17/2017              Stephen Kaelin, Oldham Circuit Clerk

ORIGINAL DOCUMENT
10/12/2018 09:41:34 AM
58310-2

## COMMONWEALTH OF KENTUCKY
## OLDHAM CIRCUIT COURT
### DIVISION _____
### CAUSE NO:

**MICHAEL BROWN,**                                                    **PLAINTIFF**

  **v.**

**TREEHOUSE PRIVATE BRANDS, INC.,**                    **DEFENDANT**

****

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes the Plaintiff, Michael Brown ("Brown" or "Plaintiff"), by counsel, and for his Complaint against the Defendant, Treehouse Private Brands, Inc. ("Defendant"), states as follows:

### I. JURISDICTION AND VENUE

1.      At all times relevant to this lawsuit, the Plaintiff has been a resident of Oldham County, Kentucky.

2.      The Defendant is a Foreign Corporation licensed to do business in the State of Kentucky.

3.      The events that form the basis of this Complaint occurred in Oldham County, Kentucky.

4.      The Plaintiff's damages exceed the minimum jurisdictional threshold for this Court.

### II. FACTUAL ALLEGATIONS

5.      Brown, a 63-year-old African-American man, was hired by Carriage House on or about December 10, 2007, as a Utility Worker to work at its location in

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000001 of 000004

Filed        17-CI-00645    10/17/2017        Stephen Kaelin, Oldham Circuit Clerk ORIGINAL DOCUMENT
10/12/2018 09:41:34 AM
58310-2

Buckner, Kentucky.  Thereafter, ConAgra Foods acquired Carriage House, and Defendant ultimately acquired ConAgra Foods.

6.      Brown subsequently became a Material Handler.

7.      At all relevant times, Brown met or exceeded Defendant's legitimate performance expectations.

8.      Defendant employs approximately three hundred (300) employees at its Buckner, Kentucky facility. At the time of the termination of his employment in or about August 2016, Brown was one of only fifteen (15) African-American employees working at the location in Buckner, Kentucky.

9.      On or about August 21, 2016, Brown was assisting a co-worker. While assisting his co-worker, Brown passed him a roll of shrink wrap which unintentionally caused the co-worker to fall. The employee falsely accused Brown of pushing him down on this occasion and another.

10.     Defendant allegedly conducted an investigation.  However, it failed to interview any of Brown's witnesses to the incident; instead, it only interviewed the alleged victim's witnesses.

11.     As a result of these false accusations, Brown was placed on a three-day suspension beginning on or about August 22, 2016.

12.     At the conclusion of his three-day suspension, Brown's employment was terminated on or about August 29, 2016.

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000002 of 000004

Filed        17-CI-00645    10/17/2017        Stephen Kaelin, Oldham Circuit Clerk

Filed          17-CI-00645    10/17/2017                    Stephen Kaelin, Oldham Circuit Clerk **ORIGINAL DOCUMENT**
10/12/2018 09:41:34 AM
58310-2

13.    Similarly-situated younger and non-African-American employees have been charged with similar or worse infractions and received a less harsh punishment than Brown.

### III.  CAUSES OF ACTION

### COUNT I: AGE DISCRIMINATION

14.    Brown hereby incorporates by reference paragraphs one (1) through thirteen (13) as if the same were set forth at length herein.

15.    Defendant discriminated against Brown based upon his age when it terminated his employment in violation of the Kentucky Civil Rights Act,  KRS 344.040.

16.    Defendant's actions were intentional, malicious, and done with reckless disregard for Brown's legally protected rights.

17.    Brown has suffered damages as a result of Defendant's actions.

### COUNT II: RACE DISCRIMINATION

18.    Brown hereby incorporates by reference paragraphs one (1) through seventeen (17) as if the same were set forth at length herein.

19.    Defendant discriminated against Brown based upon his race when it terminated his employment in violation of the Kentucky Civil Rights Act,  KRS 344.040.

20.    Defendant's actions were intentional, malicious, and done with reckless disregard for Brown's legally protected rights.

21.    Brown has suffered damages as a result of Defendant's actions.

### IV.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael Brown, respectfully requests that this Court

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000003 of 000004

3

Filed          17-CI-00645    10/17/2017                    Stephen Kaelin, Oldham Circuit Clerk

Filed        17-CI-00645    10/17/2017              Stephen Kaelin, Oldham Circuit Clerk ORIGINAL DOCUMENT
                                                                        10/12/2018 09:41:34 AM
                                                                        58310-2

enter judgment in his favor and award him the following relief:

1.      Reinstate Brown to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Brown of front pay in lieu thereof;

2.      All wages, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.      Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.      Compensatory damages;

5.      Costs and attorney's fees incurred as a result of bringing this action;

6.      Pre- and post-judgement interest on all sums recoverable; and

7.      All other legal and/or equitable relief this Court sees fit to grant.

## V.  **DEMAND FOR JURY TRIAL**

Plaintiff, Michael Brown, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

_____
Andrew Dutkanych
Biesecker Dutkanych & Macer, LLC
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:  (502) 561-3418
Facsimile:   (812)424-1000
Email: ad@bdlegal.com
*Counsel for Plaintiff, Michael Brown*

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000004 of 000004

4



| AOC-E-105 | Sum Code: CI | | | NOT ORIGINAL DOCUMENT<br>10/12/2018 09:44:17 AM<br>58310-2 |
| Rev. 9-14 | | | Case #: | **17-CI-00645** |
| Commonwealth of Kentucky | | | Court: | **CIRCUIT** |
| Court of Justice    *Courts.ky.gov* | | | County: | **OLDHAM** |

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

*Plantiff,* **BROWN, MICHAEL VS. TREEHOUSE PRIVATE BRANDS, INC.**, *Defendant*

TO:  **CT CORPORATION SYSTEM**

    **306 W. MAIN STREET, SUITE 512**

    **FRANKFORT, KY 40601**

Memo: Related party is TREEHOUSE PRIVATE BRANDS, INC.

The Commonwealth of Kentucky to Defendant:
**TREEHOUSE PRIVATE BRANDS, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

             /s/ Stephen Kaelin, Oldham Circuit Clerk

             Date: **10/17/2017**

*Presiding Judge: HON. KAREN A. CONRAD (612186)*

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____        _____

                                  Served By

                                _____

                                  Title

*CI : 000001 of 000001*

Summons ID: @00000105374
CIRCUIT: 17-CI-00645 Certified Mail
BROWN, MICHAEL VS. TREEHOUSE PRIVATE BRANDS, INC.



**eFiled**

NOT ORIGINAL DOCUMENT
10/12/2018 09:43:23 AM
58310-2

| AOC-E-105<br>Rev. 9-14 | Sum Code: CI | | Case #: **17-CI-00645** |
|---|---|---|---|

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Court: **CIRCUIT**

County: **OLDHAM**

# CIVIL SUMMONS

*Plaintiff,* **BROWN, MICHAEL VS. TREEHOUSE PRIVATE BRANDS, INC.,** *Defendant*

TO:  **TREEHOUSE PRIVATE BRANDS, INC.**

**ONE QUALITY PLACE**

**BUCKNER, KY 40010**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Stephen Kaelin, Oldham Circuit Clerk

Date: **10/17/2017**

Presiding Judge: HON. KAREN A. CONRAD (612186)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

_____
Served By

_____
Title

Summons ID: @00000105373
CIRCUIT: 17-CI-00645 Certified Mail
BROWN, MICHAEL VS. TREEHOUSE PRIVATE BRANDS, INC.



CI : 000001 of 000001

eFiled



**Commonwealth of Kentucky**

**Stephen Kaelin, Oldham Circuit Clerk**

NOT ORIGINAL DOCUMENT
10/12/2018 09:44:50 AM
58310-2

| Case #: | 17-CI-00645 | Envelope #: | 718992 | |
|---|---|---|---|---|
| Received From: | ANDREW    DUTKANYCH | | Account Of: | ANDREW    DUTKANYCH |
| Case Title: | BROWN, MICHAEL VS. TREEHOUSE PRIVATE BRANDS, INC. | | | |

| **#** | **Item Description** | **Amount** |
|---|---|---|
| 1 | Civil Filing Fee | $115.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $10.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $60.00 |
| 8 | Money Collected For Others(Postage) | $23.44 |
| 9 | Charges For Services(Copy - Photocopy) | $1.20 |
| | **TOTAL:** | $260.64 |

Generated: 10/18/2017



| AOC-E-105      Sum Code: CI | | Case #: **17-CI-00645** |
| --- | --- | --- |
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | | County: **OLDHAM** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plaintiff,* **BROWN, MICHAEL VS. TREEHOUSE PRIVATE BRANDS, INC.,** *Defendant*

TO:  **TREEHOUSE PRIVATE BRANDS, INC.**

   **ONE QUALITY PLACE**

   **BUCKNER, KY 40010**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

   The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                  /s/ Stephen Kaelin, Oldham Circuit Clerk

                  Date: **10/17/2017**

Presiding Judge: HON. KAREN A. CONRAD (612186)



WALZ
Certified Mail Automation
FORM #45662    LABEL    Version: E0317
www.walzpostal.com
1-800-381-3811

| AOC-E-105<br>Rev. 9-14    Sum Code: CI |  | Case #: **17-CI-00645** |
|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov* | | Court: **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | County: **OLDHAM** |

*Plantiff,* **BROWN, MICHAEL VS. TREEHOUSE PRIVATE BRANDS, INC.**, *Defendant*

TO: **CT CORPORATION SYSTEM**
   **306 W. MAIN STREET, SUITE 512**
   **FRANKFORT, KY 40601**

Memo: Related party is TREEHOUSE PRIVATE BRANDS, INC.

The Commonwealth of Kentucky to Defendant:
**TREEHOUSE PRIVATE BRANDS, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

   /s/ Stephen Kaelin, Oldham Circuit Clerk
   Date: **10/17/2017**

Presiding Judge: HON. KAREN A. CONRAD (612186)





CI : 000001 of 000001

Tendered     17-CI-00645     11/10/2017     Stephen Kaelin, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
10/12/2018 09:45:46 AM
58310-2

CASE NO. 17-CI-00645                                      OLDHAM CIRCUIT COURT
                                                              DIVISION ONE (1)
                                                          JUDGE KAREN A. CONRAD

                              *[Electronically Filed]*

MICHAEL BROWN                                                         PLAINTIFF


v.                    **<u>AGREED ORDER FOR EXTENSION OF TIME</u>**


TREEHOUSE PRIVATE BRANDS, INC.                                        DEFENDANT

                              * * * * * * * *

    By agreement of Plaintiff and Defendant, and the Court being otherwise sufficiently

advised;


    IT IS HEREBY ORDERED that Defendant, Treehouse Private Brands, Inc., shall have

up to and including November 27, 2017 to file a responsive pleading to Plaintiff's Complaint.


                              SEEN AND AGREED TO:


                              */s/ Blaine R. Blood*
                              Blaine R. Blood
                              BINGHAM GREENEBAUM DOLL LLP
                              3500 National City Tower
                              101 S. Fifth Street
                              Louisville, KY 40202
                              Telephone: (502) 587-3702
                              Fax: (502) 588-1320
                              Email: bblood@bgdlegal.com


                              COUNSEL FOR DEFENDANT

                              */s/ Andrew Dutkanych*
                              Andrew Dutkanych
                              Biesecker Dutkanych & Macer, LLC
                              101 North Seventh Street
                              Louisville, Kentucky 40202


                              COUNSEL FOR PLAINTIFF

18834881_1.docx

Tendered     17-CI-00645     11/10/2017     Stephen Kaelin, Oldham Circuit Clerk

Tendered          17-CI-00645      1/10/2017          Stephen Kaelin, O... m Circuit Clerk

CASE NO. 17-CI-00645                                    OLDHAM CIRCUIT COURT
                                                            DIVISION ONE (1)
                                                        JUDGE KAREN A. CONRAD
                            *[Electronically Filed]*

MICHAEL BROWN                                                      PLAINTIFF

v.                  __AGREED ORDER FOR EXTENSION OF TIME__

TREEHOUSE PRIVATE BRANDS, INC.                                     DEFENDANT

                          * * * * * * * *

          By agreement of Plaintiff and Defendant, and the Court being otherwise sufficiently

advised;

          IT IS HEREBY ORDERED that Defendant, Treehouse Private Brands, Inc., shall have

up to and including November 27, 2017 to file a responsive pleading to Plaintiff's Complaint.

SEEN AND AGREED TO:        11·15-017

/s/ Blaine R. Blood
Blaine R. Blood
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 S. Fifth Street
Louisville, KY 40202
Telephone: (502) 587-3702
Fax: (502) 588-1320
Email: bblood@bgdlegal.com

COUNSEL FOR DEFENDANT

/s/ Andrew Dutkanych
Andrew Dutkanych
Biesecker Dutkanych & Macer, LLC
101 North Seventh Street
Louisville, Kentucky 40202

COUNSEL FOR PLAINTIFF

ENTERED
NOV 16 2017
OLDHAM CIRC/DIST. COURT
BY_____ D.C.

18834881_1.docx

TD : 000001 of 000001

ORIGINAL DOCUMENT
10/12/2018 09:47:23 AM
58310-2

CASE NO. 17-CI-000645

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN A. CONRAD (612186)

MICHAEL BROWN                                                    PLAINTIFF

v.

**ANSWER OF DEFENDANT**
**TREEHOUSE PRIVATE BRANDS, INC.**

TREEHOUSE PRIVATE BRANDS, INC.                       DEFENDANT

*Electronically Filed*

\* \* \* \* \* \*

Defendant The Carriage House Companies, Inc. ("Defendant"), incorrectly named Treehouse Private Brands, Inc. ("Defendant"), by counsel, for its Answer to the Complaint of Michael Brown ("Plaintiff"), states as follows:

## I.   JURISDICTION AND VENUE

1.     Admitted upon information and belief.

2.     Admitted.

3.     Admitted Plaintiff worked for Defendant in Oldham County, but denied Defendant engaged in any conduct giving rise to a cause of action under the law.

4.     Admitted this Court has jurisdiction, but denied Defendant engaged in any conduct giving rise to a cause of action under the law.

## II.   FACTUAL ALLEGATIONS

5.     Upon information and belief, admitted as to Plaintiff's age and race.  Admitted as to Plaintiff's hire date and location of work.  Denied Plaintiff was a "Utility Worker" upon hire, and denied as to the last sentence.

6.     Admitted.

7.     Denied.

ANS : 000001 of 000006

NOT ORIGINAL DOCUMENT
10/12/2018 09:47:23 AM
58310-2

8.      Admitted Defendant employs approximately three hundred (300) employees at its Buckner, Kentucky facility.  Denied as to the last sentence.

9.      Denied as to Plaintiff's characterization of events.

10.     Admitted Defendant conducted an investigation.  Denied as to the remaining contentions and inferences.

11.     Admitted Defendant suspended Plaintiff on or around August 22, 2016, pending investigation.  Denied as to the alleged "false accusations," and denied as to any and all remaining contentions and inferences.

12.     Admitted Defendant terminated Plaintiff's employment on or about August 29, 2016, following a suspension pending investigation.  Denied as to all remaining contentions and inferences.

13.     Denied.

### III.    CAUSES OF ACTION
### COUNT I: AGE DISCRIMINATION

14.     Defendant reasserts its responses to the allegations contained in paragraphs 1 through 13 above.

15.     Denied.

16.     Denied.

17.     Denied.

### COUNT II:  RACE DISCRIMINATION

18.     Defendant reasserts its responses to the allegations contained in paragraphs 1 through 17 above.

19.     Denied.

20.     Denied.

ANS : 000002 of 000006

Filed          17-CI-00645    11/28/2017          Stephen Kaelin, Oldham Circuit Clerk

CONFIDENTIAL DOCUMENT
10/12/2018 09:47:23 AM
58310-2

21.    Denied.    Further answering, denied Plaintiff is entitled to any of the relief requested in the "Requested Relief" section that follows paragraph 21.

## GENERAL DENIAL

Defendant denies any contention not specifically admitted in this Answer.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole and in part, because he was an at-will employee whose employment, under Kentucky law, could be terminated or modified at any time, for any reason not contrary to law, with our without notice.

## THIRD DEFENSE

All of Defendant's actions toward Plaintiff were taken with the good-faith, honest belief that they were appropriate; and without malice, reckless indifference, or any desire to harm Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all of Defendant's actions with respect to the Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reason(s).

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because his damages – if any – are not the result of any action or inaction taken by Defendant.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were taken in compliance with its policies and procedures – which Plaintiff agreed to follow.

ANS : 000003 of 000006

Filed          17-CI-00645    11/28/2017          Stephen Kaelin, Oldham Circuit Clerk

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to give Defendant proper notice of his alleged discrimination concerns and/or any other alleged wrongful conduct.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because – to the extent he reported his alleged discrimination or other concerns – they were not reported properly and/or they were reported in bad faith.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he has not suffered any damages and/or failed to mitigate his alleged damages.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he was not discriminated against.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he cannot establish a prima-facie case of discrimination or retaliation.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he cannot establish that Defendant's actions are a pretext for discrimination or retaliation.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any impermissible motivating factor.

ANS : 000004 of 000006

Filed          17-CI-00645     11/28/2017          Stephen Kaelin, Oldham Circuit Clerk

CONFIDENTIAL DOCUMENT
10/12/2018 09:47:23 AM
58310-2

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, bad faith, and unclean hands.

## FIFTEENTH DEFENSE

Defendant reserves the right to amend this Answer or raise any and all defenses, affirmative or otherwise, which may become available during this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant requests relief as follows:

A.      That Plaintiff's Complaint be dismissed in its entirety;

B.      That Plaintiff be required to pay any costs, expenses, and/or attorneys' fees for Defendant, and any post and/or pre-Judgment interest thereon; and

C.      Any and all further relief to which Defendant may be entitled.

Respectfully submitted,


*/s/ Blaine R. Blood*
Blaine R. Blood
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 S. Fifth Street
Louisville, KY 40202
Telephone: (502) 587-3702
Fax: (502) 588-1320
Email: bblood@bgdlegal.com

Hillary L. Klein
HUSCH & BLACKWELL
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402

COUNSEL FOR DEFENDANT,
THE CARRIAGE HOUSE COMPANIES, INC.

ANS : 000005 of 000006

5

NOT ORIGINAL DOCUMENT
10/12/2018 09:47:23 AM
58310-2

## CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing Answer of Defendant with the Clerk of the Court by using the KYeCourts system, and mailed a copy via U.S. First Class mail upon the following:

Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street
Louisville, Kentucky  40202
Telephone:  (502) 561-3418
Facsimile:  (502) 424-1000
ad@bdlegal.com

COUNSEL FOR PLAINTIFF

/s/ Blaine R. Blood
COUNSEL FOR DEFENDANT

18834592_1.docx

ANS : 000006 of 000006

Filed          17-CI-00645          Stephen Kaelin, Oldham Circuit Clerk          CONFIDENTIAL DOCUMENT
10/12/2018 09:47:57 AM
58310-2

NO. 17-CI-00645                                   **OLDHAM CIRCUIT COURT**
                                                          **DIVISION ONE (1)**
                                                 **JUDGE KAREN A. CONRAD**


**MICHAEL BROWN**                                                **PLAINTIFF**


**VS.**                         <u>**NOTICE OF APPEARANCE**</u>


**TREEHOUSE PRIVATE BRANDS, INC.**                              **DEFENDANT**

******************

To the Clerk of this Court and all parties of record:

    Enter my appearance as counsel for the Plaintiff, Michael Brown, in the above-captioned

cause of action.

    I certify that I am admitted to practice in this court.


        Respectfully submitted,

        <u>/s/ Mauricus R. Lofton</u>
        Mauricus R. Lofton
        Biesecker Dutkanych & Macer, LLC
        101 North Seventh Street
        Louisville, Kentucky 40202
        Telephone: (502) 561-3418
        Facsimile: (812) 424-1005
        Email: mlofton@bdlegal.com
        *Counsel for Plaintiff*


<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on this the 23rd day of February, 2018, a copy of the foregoing *Notice of Appearance* was filed electronically.  Parties may access this filing through the Court's system.

1

EA : 000001 of 000002

Filed    17-CI-00645    Stephen Kaelin, Oldham Circuit Clerk    CONFIDENTIAL DOCUMENT
10/12/2018 09:47:57 AM
58310-2

/s/Mauricus R. Lofton
Mauricus R. Lofton

2

E.A.: 000002 of 000002

Filed          17-CI-00645          Stephen Kaelin, Oldham Circuit Clerk          COURT ORIGINAL DOCUMENT
10/12/2018 09:48:31 AM
58310-2

CASE NO. 17-CI-000645                          OLDHAM CIRCUIT COURT
                                                       DIVISION ONE (1)
                                                JUDGE KAREN A. CONRAD

MICHAEL BROWN                                                    PLAINTIFF

v.                          **NOTICE-MOTION-ORDER**

TREEHOUSE PRIVATE BRANDS, INC.                                  DEFENDANT

*Electronically Filed*

\* \* \* \* \*

## NOTICE

**PLEASE TAKE NOTICE** that on Friday, April 13, 2018 at 1:00 p.m. in the courtroom

of the above Court or as soon thereafter as counsel may be heard, Defendant, Treehouse Private

Brands, Inc. ("Defendant"), will make the following Motion and tender the Order attached

hereto.

## MOTION FOR ADMISSION *PRO HAC VICE*

Pursuant to SCR 3.030(2), Blaine R. Blood, on behalf of the Defendant, respectfully

moves this Court for the admission *pro hac* vice of Hillary L. Klein.  Counsel respectfully prays

that this Honorable Court grant Attorney Hillary L. Klein leave to actively participate in all

proceedings in connection with the above-captioned matter on behalf of the Defendant.   In

support of this Motion, Blaine R. Blood submits the attached Affidavit as Exhibit 1.

WHEREFORE, Blaine R. Blood, as counsel of record for the Defendant, respectfully

prays that this Honorable Court grant the instant Motion for Admission *pro hac vice* of Hillary L.

Klein.

HR : 000001 of 000002

Filed          17-CI-00645          Stephen Kaelin, Oldham Circuit Clerk          CONFIDENTIAL DOCUMENT
10/12/2018 09:48:31 AM
58310-2

A proposed Order is tendered herewith.

Respectfully submitted,

/s/ Blaine R. Blood
Blaine R. Blood, KBA No. 91363
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

and

Hillary L. Klein, BPR No. 024988
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  (423) 757-5950
Facsimile:  (423) 266-5499
Hillary.klein@huschblackwell.com

*Pending Pro Hac Vice*

COUNSEL FOR DEFENDANT
TREEHOUSE PRIVATE BRANDS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2018, I electronically filed the foregoing **Notice-Motion-Order** with the Clerk of the Court by using the KYeCourts system, and a copy was mailed via U.S. Mail, postage prepaid upon the following:

Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street
Louisville, Kentucky  40202
Telephone:  (502) 561-3418
Facsimile:  (502) 424-1000
ad@bdlegal.com

COUNSEL FOR PLAINTIFF

/s/ Blaine R. Blood
COUNSEL FOR DEFENDANT

19113265_1.doc

Filed          17-CI-00645    04/10/2018          2          Stephen Kaelin, Oldham Circuit Clerk

HR : 000002 of 000002

Filed          17-CI-00645          Stephen Kaelin, Oldham Circuit Clerk     CONFIDENTIAL DOCUMENT
10/12/2018 09:48:58 AM
58310-2

# EXHIBIT 1

EXH-000001 of 000003

Filed          17-CI-00645                              Stephen Kaelin, Oldham Circuit Clerk

CONFIDENTIAL DOCUMENT
10/12/2018 09:48:58 AM
58310-2

CASE NO. 17-CI-000645                                    OLDHAM CIRCUIT COURT
                                                             DIVISION ONE (1)
                                                        JUDGE KAREN A. CONRAD

MICHAEL BROWN                                                        PLAINTIFF

v.                    **AFFIDAVIT OF BLAINE R. BLOOD**

TREEHOUSE PRIVATE BRANDS, INC.                                      DEFENDANT

\* \* \* \* \*

In support of this Motion, counsel of record hereby certifies that:

1.    Blaine R. Blood is local counsel for Defendant.

2.    Blaine R. Blood is a member in good standing of the Bar of the Commonwealth of Kentucky.

3.    Blaine R. Blood is an attorney with the law firm of Bingham Greenebaum Doll LLP, and regularly maintains an office for the practice of law in the Commonwealth of Kentucky, located at 3500 PNC Tower, 101 S. Fifth St., Louisville, Kentucky.

4.    Hillary L. Klein is an attorney with the law firm of Husch Blackwell LLP, 736 Georgia Avenue, Suite 300, Chattanooga, Tennessee.

5.    Hillary L. Klein is a member in good standing of all bars in which she is a member.

6.    Hillary L. Klein consents to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct.  (See Exhibit A, Affidavit of Hillary L. Klein).

7.    The Kentucky Bar Association Out-Of-State Certification Form is attached as Exhibit B.

EXH : 000002 of 000003

Filed          17-CI-00645                          Stephen Kaelin, Oldham CONFIDENTIAL DOCUMENT
                                                                        10/12/2018 09:48:58 AM
                                                                        58310-2

FURTHER, Affiant sayeth naught.

_____
Blaine R. Blood

COMMONWEALTH OF KENTUCKY          )
                                  )SS:
COUNTY OF JEFFERSON               )

Subscribed and sworn to before me by Blaine R. Blood on this the _10th_ day of April, 2018.

_____
Notary Public

My Commission expires: _____

Notary Public, State at Large, KY
My commission expires June 24, 2021
Notary ID 578188

19113306_1.docx

EXH - 000003 of 000003

Filed        17-CI-00645                Stephen Kaelin, Oldham Circuit Clerk    CONFIDENTIAL DOCUMENT
10/12/2018 09:49:14 AM
58310-2

# EXHIBIT A

EXH - 000001 of 000003

Filed                17-CI-00645                              Stephen Kaelin, Oldham Circuit Clerk
                                                                      ORIGINAL DOCUMENT
                                                                      10/12/2018 09:49:14 AM
                                                                      58310-2

CASE NO. 17-CI-000645                          OLDHAM CIRCUIT COURT
                                                     DIVISION ONE (1)
                                          JUDGE KAREN A. CONRAD (612186)

MICHAEL BROWN                                            PLAINTIFF

v.                    **<u>AFFIDAVIT OF HILLARY L. KLEIN</u>**                    v.

TREEHOUSE PRIVATE BRANDS, INC.                          DEFENDANT
                               * * * * *

1.      My name is Hillary L. Klein and I make this Affidavit in support of the pending

motion for Order admitting me *pro hac vice* to appear in this action as attorney of record for

Defendant., Treehouse Private Brands, Inc.  I seek admission to this Court for the purpose of

participating in above-styled action.

2.      I am an attorney with Husch Blackwell LLP, 736 Georgia Avenue, Suite 300,

Chattanooga, Tennessee.

3.      I am currently duly licensed and in good standing to practice law before the

following courts:  Missouri, Kansas, and Tennessee.

4.      I am not currently, and never have been, suspended or disbarred from any Court,

nor has any adverse disciplinary decision been rendered against me by any state bar, bar

association, or Court.

5.      I hereby consent to be subject to the jurisdiction and rules of the Kentucky

Supreme Court governing professional conduct.

KCP-8339005-1

EXH - 000002 of 000003

Further Affiant sayeth naught.

HILLARY L. KLEIN

STATE OF ~~MISSOURI~~ Tennessee    )
                                   )SS:
COUNTY OF ~~JACKSON~~ Hamilton     )

Subscribed and sworn to before me by Hillary L. Klein on this the 3rd day of

April , 2018.

_____
Notary Public

My Commission expires: 1-26-19

SERENA L. HILL
STATE OF TENNESSEE
NOTARY PUBLIC
HAMILTON COUNTY

KCP-8339005-1

Filed                17-CI-00645                    Stephen Kaelin, Oldham Circuit Clerk

CONFIDENTIAL DOCUMENT
10/12/2018 09:49:31 AM
58310-2

# EXHIBIT B

EXH - 000001 of 000002

Filed        17-CI-00645        Stephen Kaelin, Oldham Circuit Clerk    CONFIDENTIAL DOCUMENT
10/12/2018 09:49:31 AM
58310-2



**Kentucky Bar Association**
514 West Main Street
Frankfort, KY 40601-1812
(502) 564-3795



# Invoice

| Date | Invoice # |
|---|---|
| 4/6/2018 | 200030156 |

| Bill To | Recipient Information |
|---|---|
| Hillary Klein<br>Husch Blackwell LLP<br>736 Georgia Ave<br>Ste 300<br>Chattanooga, TN 37402<br>United States | Hillary Klein<br>Husch Blackwell LLP<br>736 Georgia Ave<br>Ste 300<br>Chattanooga, TN 37402<br>United States |

| Terms | Due Date |
|---|---|
| Due on receipt | 4/6/2018 |

| Date | Qty | Description | Price | Totals |
|---|---|---|---|---|
| 4/6/2018 | 1 | Pro Hac Fee (Amount includes a 3.50% Administrative Processing Fee) | $320.85 | $320.85 |
| | | | Sub-Total | $320.85 |
| | | | **Total** | $320.85 |

## Payments/Refunds

| Date | Qty | Description | Price | Totals |
|---|---|---|---|---|
| 4/6/2018 | 1 | Payment via Credit Card (using card xxxxxxxx           '<br>*Applied to invoice on 4/6/2018 10:37:28 AM* | ($320.85) | ($320.85) |
| | | | **Total Payments/Refunds** | ($320.85) |
| | | | **Balance Due** | $0.00 |

**Comments:**
The Kentucky Bar Association certifies that Hillary L. Klein has paid the per case fee of $310.00 on 4/6/2018 for the Oldham County Circuit Court Case # 17-CI-000645 as required in SCR 3.030(2). Pro Hac Vice #PH20534.

EXH : - 000002 of 000002

Tendered          17-CI-00645          Stephen Kaelin, Oldham Circuit Clerk

ORIGINAL DOCUMENT
10/12/2018 09:49:49 AM
58310-2

CASE NO. 17-CI-000645

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN A. CONRAD

MICHAEL BROWN                                                          PLAINTIFF

v.                                    **ORDER**

TREEHOUSE PRIVATE BRANDS, INC.                                DEFENDANT

* * * * *

Upon consideration of the Motion of Blaine R. Blood counsel for Defendant, Treehouse Private Brands, Inc., and the Court being sufficiently advised,

IT IS HEREBY ORDERED that Hillary L. Klein should be, and hereby is, granted permission to appear and participate *pro hac vice* as co-counsel of record in this action.

Done this _____ day of _____, 2018.

_____
JUDGE, OLDHAM CIRCUIT COURT

TD : 000001 of 000002

Tendered          17-CI-00645          Stephen Kaelin, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
10/12/2018 09:49:49 AM
58310-2

TENDERED BY:

*/s/ Blaine R. Blood*
Blaine R. Blood, KBA No. 91363
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

and

Hillary L. Klein, BPR No. 024988
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  (423) 757-5950
Facsimile:  (423) 266-5499
Hillary.klein@huschblackwell.com

*Pending Pro Hac Vice*

COUNSEL FOR DEFENDANT

19113331_1.docx

TD : 000002 of 000002

CASE NO. 17-CI-000645

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN A. CONRAD

MICHAEL BROWN                                                          PLAINTIFF

v.                                    **ORDER**

TREEHOUSE PRIVATE BRANDS, INC.                              DEFENDANT

* * * * *

Upon consideration of the Motion of Blaine R. Blood counsel for Defendant, Treehouse Private Brands, Inc., and the Court being sufficiently advised,

IT IS HEREBY ORDERED that Hillary L. Klein should be, and hereby is, granted permission to appear and participate *pro hac vice* as co-counsel of record in this action.

Done this _13_ day of _April_, 2018.

_____
JUDGE, OLDHAM CIRCUIT COURT

ENTERED
APR 16 2018
OLDHAM CIRC./DIST. COURT
BY_____D.C.

TD : 000001 of 000002

TENDERED BY:

*/s/ Blaine R. Blood*
Blaine R. Blood, KBA No. 91363
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

and

Hillary L. Klein, BPR No. 024988
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone:  (423) 757-5950
Facsimile:  (423) 266-5499
Hillary.klein@huschblackwell.com

*Pending Pro Hac Vice*

COUNSEL FOR DEFENDANT

19113331_1.docx

CASE NO. 17-CI-000645

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN A. CONRAD (612186)

MICHAEL BROWN

PLAINTIFF

v.

TREEHOUSE PRIVATE BRANDS, INC.

DEFENDANT

\* \* \* \* \*

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Kentucky Rules of Civil Procedure, Defendant The Carriage House Companies, Inc. ("Carriage House" or "Defendant"), incorrectly named Treehouse Private Brands, Inc., serves upon Plaintiff Michael Brown ("Brown" or "Plaintiff") Defendant's First Interrogatories to Plaintiff. Plaintiff shall respond within thirty (30) days of the date of service hereof. These requests are deemed continuing in nature, requiring amended or supplemental answers in conformity with Rule 26.05 of the Kentucky Rules of Civil Procedure. The instructions and definitions to be utilized in complying with these requests are as follows:

## INSTRUCTIONS

In answering these interrogatories, please furnish all information available to you, or under your control, including information in the possession of your attorneys, their investigators, or any other person acting on your behalf, and not merely such information as is known of your own personal knowledge. These interrogatories are continuing; you are requested to provide, by way of supplementary answers, such additional information as you or any person acting on your behalf may obtain that will augment or modify your initial answers.

Additionally, in answering these interrogatories, please comply with the following instructions:

1

(a)     In each question wherein you are asked to identify a person, state with respect to such person his or her:

    (1)    full name,

    (2)    last-known home address and telephone number,

    (3)    last-known business address and telephone number,

    (4)    last-known employer, together with said employer's address and telephone number, and

    (5)    relationship to you.

(b)     In each question wherein you are asked to identify any documents, state with respect to each such document:

    (1)    its date of composition or origination,

    (2)    the person composing and/or originating it,

    (3)    its current location,

    (4)    the person in whose possession or under whose control the document is and the relationship of said person to you, and

    (5)    any other information necessary to identify the document sufficiently so that an appropriate formal motion to produce the document may, if necessary, be made.

(c)     In each question wherein you are asked to identify a corporation, state with respect to such corporation its

    (1)    full name,

    (2)    place of incorporation or foundation,

    (3)    address and principal place of business, and

2

(4)     identity of officers or other persons having knowledge of the matter with respect to which such corporation is named.

(d)     If you intend to assert attorney-client privilege, work product doctrine, or any other privilege, please provide sufficient facts to enable defendant to assess the applicability of the privilege, including the nature of the privilege asserted, the nature of the activity, the date of the activity's occurrence, identity of participants in the activity, and underlying facts, if any.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

(a)     "**Person**" means natural person, corporation, partnership, sole proprietorship, union association, federation, and any other kind of entity.

(b)     "**Document**" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to: letters, minutes, purchase orders, bills, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, information electronically stored, whether on disk or hard drive, motion pictures, and any carbon, photographic, or other type of copies of any such material if Plaintiff does not have custody or control of the originals.

(c)     "**Plaintiff**" or "**you**" means Michael Brown and any past or present agent, representative, or attorney of Michael Brown.

## INTERROGATORIES

1.     Have you or anyone acting on your behalf, other than your attorney, obtained or received any statement (written, oral, recorded, or otherwise) from any individual regarding the matters or claims that are the subject of this lawsuit?  If so, then for each such statement, state

3

when, where, and in what form the statement was made (e.g., orally or in writing), identify the present custodian of the statement, and state the facts contained in the statement.[1] In addition, please identify any and all documents related to or which reference the statement.

    **ANSWER:**

    2.    Please state in detail any and all damages you claim in this lawsuit to have sustained as a result of the acts or omissions of Defendant. Please include in your answer your separate calculations of each and every element of damages. In addition, please identify any and all documents related to or which reference such damages.

    **ANSWER:**

    3.    Have you ever made any allegation of wrongful termination, harassment, discrimination, or retaliation, whether formally or informally, against an individual or organization? If so, identify the entity against whom such allegation(s) was/were made, the nature of the allegation(s), the date(s) of the allegation(s), and the outcome of the allegation(s), if any. In addition, please identify any and all documents related to or which reference such allegation(s).

    **ANSWER:**

    4.    Have you or anyone acting on your behalf filed a Charge of Discrimination or complained of discrimination, harassment, and/or retaliation with the Equal Employment Opportunity Commission, the Kentucky Commission on Human Rights, or any other private, local, or state agency? If the answer is yes, please identify the entity or individual against whom the charge was filed, state the charge number, describe the allegations made, and state the

---

[1] If you intend to assert privilege, please provide sufficient facts, consistent with the instructions, to enable defendant to assess the applicability of the privilege.

resolution of the charge, if any. In addition, please identify any and all documents related to or which reference the charge.

    **ANSWER:**

    5.    Please identify each current or former employee of Defendant with whom you have spoken or otherwise corresponded regarding the allegations contained in your Complaint, and for each such employee state the date and location of the conversation (if unknown, please provide as much information as possible regarding the timeframe of the conversation), the subject matter of the conversation, the substance of the conversation, and the names of any and all other witnesses to and/or participants in the conversation. In addition, please identify any and all documents related to or which reference such communications.

    **ANSWER:**

    6.    Please identify all persons, not including your attorney, who are not otherwise identified in response to these interrogatories, with whom you have discussed the allegations contained in your Complaint, and for each such person, state the date and location of the conversation, the subject matter of the conversation, the substance of the conversation, and the names of any and all other witnesses to and/or participants in the conversation. In addition, please identify any and all documents related to or which reference such conversation.

    **ANSWER:**

    7.    Please state whether you have been a plaintiff or defendant in any other lawsuit, including, but not limited to, domestic actions, bankruptcies, or garnishment actions. If so, then please give the case number and the court in which such lawsuit was brought, describe the nature of the lawsuit, and describe the manner in which the lawsuit was resolved. In addition, please identify any and all documents related to or which reference such lawsuits.

    **ANSWER:**

8.     State whether you have ever been convicted of or pled guilty or nolo contendere to a crime consisting of a misdemeanor or felony and, if so, the offense for which you were convicted, or to which you pled guilty or nolo contendere, the date of the conviction or plea, and the name and address of the court where you were convicted or pled.  In addition, please identify any and all documents related to or which reference such conviction or plea.

**ANSWER:**

9.     Please identify each and every entity in which you have engaged as a proprietor, equity-holder, investor, lender, owner, partner, director, officer, member, manager, employee, consultant, representative or in any other capacity, simultaneously with or since the conclusion of your employment with Defendant.  For each, please state: the name of the entity; the address of the entity; the nature of the entity's business; the name of your immediate supervisor(s), if any; the nature of your relationship with the entity (whether you were an owner, employee, lender, etc.); the inclusive dates of your relationship with the entity; if employed, your position(s), job duties and territory; the compensation you have received as a result of your relationship with the entity; and your reason for terminating your relationship with the entity (if such relationship has been terminated).  Additionally, please execute the authorization to obtain employment records attached to Defendant's Request for Production of Documents.

**ANSWER:**

10.     For any employment you held simultaneously with or have held since the conclusion of your employment at Defendant, describe with specificity your salary/hourly wage and benefits, including but not limited to bonus opportunities, profit-sharing, retirement plans, and health and life insurance, and state on what date such salary/hourly wage and benefits began and ended.  In addition, please state whether your employment was full- or part- time, and

6

whether or not you were paid overtime for hours worked over forty per week.  Finally, please state the approximate number of hours you worked each week.

**ANSWER:**

11.    Please state in chronological order all sources of income (including but not limited to any severance payments and/or stipends) for the years 2012 through the present, setting forth the amount received from each source.

**ANSWER:**

12.    State the name, business address, and business telephone number of each and every business where you made application for employment since January 1, 2012, and give the date(s) upon which your application was made.  Please also provide the following:

    a)    state the position for which you applied, whether or not you were interviewed for such position, whether or not you were offered such position, and the compensation for the position;

    b)    if you were not offered a position for which you applied, or if you rejected the position you were offered, please state the reason given to you for not being offered the position or your reason for rejecting the position; and

    c)    identify any and all documents related to or which reference such application(s).

**ANSWER:**

13.    Please identify any individual with knowledge or information about your allegations, including individuals with knowledge or information adverse to your position in this matter.  In addition, please provide a description of the information you believe each identified individual may possess, and identify any and all documents related to or which reference such knowledge or information.

**ANSWER:**

7

14.     Please identify every doctor, physician, psychologist, psychiatrist, counselor, social worker, health or medical practitioner, therapist, hospital, clinic, institution, or other healthcare provider that you have consulted, been examined by, or been treated by during the period of January 1, 2012 through the date you sign your responses to these interrogatories. For each, please state the impairment(s) and/or symptoms you suffer(ed) necessitating the consultation, examination, and/or treatment, state the approximate date of each consultation, examination, and/or treatment, and complete the Authorization for Release of Medical Records attached to Defendant's Request for Production to Plaintiff.

**ANSWER:**

15.     Describe in detail any injury that you allege you suffered as a result of the allegations set forth in the Complaint, including the specific medical diagnosis, if any, the date of the diagnosis related to any such injury, and the name and contact information for the diagnosing physician.

**ANSWER:**

16.     Are you enrolled in Medicare or have you ever applied for Medicare? If enrolled, please identify: Plaintiff's Health Insurance Claim Number (HICN); date of enrolment; Medicare "Parts" in which Plaintiff is enrolled (Parts A, B, C and/or D); and state why you are eligible for Medicare benefits. If you have applied, please state when you applied and for which Medicare Parts (A, B, C and/or D) you applied.

**ANSWER:**

8

## PLAINTIFF'S SWORN SIGNATURE

STATE OF _____)
                                ) ss.
COUNTY OF _____)

     The below named person, being duly sworn on oath, states that he has read the foregoing

interrogatories and the answers given are true to the best of affiant's knowledge and belief.


_____
Michael Brown
(NOT TO BE SIGNED BY ATTORNEY)

     The foregoing answers to interrogatories were subscribed and sworn to before me this
_____day of _____, 2018.


_____
Notary Public

My Commission Expires:


_____

KCP-4765521-1

Respectfully submitted,

Blaine R. Blood
**BINGHAM GREENEBAUM DOLL LLP**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

Hillary J. Klein                Admitted *Pro Hac Vice*
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
423.757.5950
423.266.5499 (fax)
Hillary.klein@huschblackwell.com

*Pending Pro Hac Vice*

COUNSEL FOR DEFENDANT
TREEHOUSE PRIVATE BRANDS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was delivered via first class U.S. Mail, postage prepaid, this 1st day of June, 2018, to:

Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street
Louisville, Kentucky  40202

COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANT

10

KCP-4765521-1

CASE NO. 17-CI-000645

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN A. CONRAD (612186)

**MICHAEL BROWN**                                                           **PLAINTIFF**

v.

**TREEHOUSE PRIVATE BRANDS, INC.**                              **DEFENDANT**

## DEFENDANT'S FIRST REQUEST FOR ADMISSION TO PLAINTIFF

Pursuant to Rule 36 of the Kentucky Rules of Civil Procedure, Defendant The Carriage House Companies, Inc. ("Carriage House" or "Defendant"), incorrectly named Treehouse Private Brands, Inc., serves upon Plaintiff Michael Brown ("Brown") Defendant's First Request for Admission to Plaintiff. Plaintiff shall respond within thirty (30) days of the date of service hereof to the undersigned counsel for Defendant.

**REQUEST NO. 1:**    Admit that your damages resulting from any conduct you allege Defendant committed in this lawsuit are less than $75,000 in total, inclusive of attorneys' fees.

**REQUEST NO. 2:**    Admit that even if a jury or judge awarded you more than $75,000 in a trial of this lawsuit, you would not accept anything more than $75,000 in total.

**REQUEST NO. 3:**    Admit that even if a jury or judge awarded you more than $75,000 in a trial of this lawsuit, you would not be entitled to anything more than $75,000 in total.

Respectfully submitted,

Blaine R. Blood
**BINGHAM GREENEBAUM DOLL LLP**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

_Hillary J. Klein_      Admitted _Pro Hac Vice_
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
423.757.5950
423.266.5499 (fax)
Hillary.klein@huschblackwell.com

_Pending Pro Hac Vice_

COUNSEL FOR DEFENDANT
TREEHOUSE PRIVATE BRANDS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was delivered via first class U.S. Mail, postage prepaid, this 1st day of June, 2018, to:

Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street
Louisville, Kentucky 40202

COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANT

CASE NO. 17-CI-000645

OLDHAM CIRCUIT COURT
DIVISION ONE (1)
JUDGE KAREN A. CONRAD (612186)

MICHAEL BROWN

PLAINTIFF

v.

TREEHOUSE PRIVATE BRANDS, INC.

DEFENDANT

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND OTHER TANGIBLE THINGS TO PLAINTIFF

Pursuant to Rule 34 of the Kentucky Rules of Civil Procedure, Defendant The Carriage House Companies, Inc. ("Carriage House" or "Defendant"), incorrectly named Treehouse Private Brands, Inc., serves upon Plaintiff Michael Brown ("Brown") serves upon Plaintiff Michael Brown ("Brown") Defendant's First Request for Production of Documents and Other Tangible Things to Plaintiff. Plaintiff shall respond within thirty (30) days of the date of service hereof. Plaintiff should produce responsive documents and things to Blaine R. Blood, Bingham Greenebaum Doll LLP, 101 South Fifth Street, Louisville, KY 40202-3197.

These requests are deemed continuing in nature, requiring amended or supplemental answers in conformity with Rule 26.05 of the Kentucky Rules of Civil Procedure. The instructions and definitions to be utilized in complying with these requests are as follows:

### INSTRUCTIONS

In responding to these requests, please furnish all information available to you, or under your control, including information in the possession of your attorneys, their investigators, or any other person acting on your behalf, and not merely such information as is known of your own personal knowledge. These requests are continuing; you are requested to provide, by way of supplementary responses, such additional information as you or any person acting on your behalf may obtain that will augment or modify your initial responses.

SLC-8351432-1

Page 1

If you intend to assert attorney-client privilege, work product doctrine, or any other privilege, please provide sufficient facts to enable Defendant to assess the applicability of the privilege, including the nature of the privilege asserted, the nature of the activity, the date of the activity's occurrence, identity of participants in the activity, and underlying facts, if any.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.     **"Person"** means natural person, corporation, partnership, sole proprietorship, union association, federation, and any other kind of entity.

B.     **"Document"** means any printed, type written, hand written, or otherwise recorded matter of whatever character, including, but not limited to: letters, minutes, purchase orders, bills, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, information electronically stored, whether on disk or hard drive, motion pictures, and any carbon, photographic, or other type of copies of such material if plaintiff does not have custody or control of the originals.

C.     **"Plaintiff"** or **"you"** means Michael Brown and any past or present agent, representative, or attorney of Michael Brown.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**   Any and all documents or other tangible things that support, undermine, or contain facts included in any calculation of the damages or any claim of damages you allege to have sustained in this case.

**RESPONSE:**

**REQUEST NO. 2:**    Any and all documents or other tangible things maintained by you or in your possession that reference or that you believe may support or undermine your claim that Defendant acted unlawfully in connection with your employment.

**RESPONSE:**

**REQUEST NO. 3:**    Any and all diaries, day-timers, or calendars maintained by you for the years 2012 through the present.

**RESPONSE:**

**REQUEST NO. 4:**    Any and all email communications with any current or former employee of Defendant.

**RESPONSE:**

**REQUEST NO. 5:**    Any and all email communications discussing any of the matters raised in your Complaint.

**RESPONSE:**

**REQUEST NO. 6:**    Any and all documents or other recordings that memorialize or record events involving any of the allegations referenced in your Complaint.

**RESPONSE:**

**REQUEST NO. 7:**    Any and all documents or other tangible things that you reviewed, relied upon, used, or identified in preparing your Complaint and/or answering Defendant's First Interrogatories to Plaintiff.

**RESPONSE:**

**REQUEST NO. 8:**    Any and all documents or other tangible things that describe, discuss, or reflect any employee benefits, including but not limited to medical insurance, dental insurance, life insurance, disability insurance, social security contribution, veterans benefits, or

any other benefit provided to you during any employment or from any source other than Defendant from 2012 to the present.

**RESPONSE:**

**REQUEST NO. 9:**   Copies of all federal and state income tax returns with all schedules attached filed by you for the years 2012 to the present.   Also, please execute the release of tax records attached hereto as Exhibit C.

**RESPONSE:**

**REQUEST NO. 10:**  Any and all documents or other tangible things you believe to be relevant to your employment with Defendant or your lawsuit against Defendant.

**RESPONSE:**

**REQUEST NO. 11:**  Any and all documents or other tangible things created by you that relate to your employment with Defendant in any way.

**RESPONSE:**

**REQUEST NO. 12:**  Any and all documents or other tangible things created by you that describe, discuss, reflect, or relate to any of the allegations in your Complaint.

**RESPONSE:**

**REQUEST NO. 13:**  Any and all documents or other tangible things received by you from any current or former employee of Defendant that describe, discuss, reflect, or relate to any of the allegations in your Complaint.

**RESPONSE:**

**REQUEST NO. 14:**  Any video or audio tape recording of any employee or representative of Defendant.

**RESPONSE:**

**REQUEST NO. 15:** Execute the release of employment records authorization attached as Exhibit A.

**RESPONSE:**

**REQUEST NO. 16:** Any and all resumes prepared by you, or on your behalf, since January 1, 2012.

**RESPONSE:**

**REQUEST NO. 17:** Any and all documents or other tangible things that reflect your efforts to obtain alternative employment since January 1, 2016, including but not limited to any applications, notes, calendars, classified advertisements, and/or employment logs prepared for any employment security agency.

**RESPONSE:**

**REQUEST NO. 18:** Any and all statements obtained by you or on your behalf by anyone other than your attorney, which relate to the claims asserted in this lawsuit.

**RESPONSE:**

**REQUEST NO. 19:** Any and all documents you received from Defendant.

**RESPONSE:**

**REQUEST NO. 20:** Any and all documents provided to or received from any witness retained in this matter to provide expert consultation or expert testimony including any reports, data compilations, or correspondence.

**RESPONSE:**

**REQUEST NO. 21:** Any and all documents or other tangible things identified in response to Defendant's First Interrogatories to Plaintiff.

**RESPONSE:**

**REQUEST NO. 22:**  Any and all documents you may use to support your claims in this lawsuit.

**RESPONSE:**

**REQUEST NO. 23:**  Please execute the release of medical records authorization attached hereto as Exhibit B.

**RESPONSE:**

**REQUEST NO. 24:**  A copy of all notes, blogs, or comments that you have posted on any internet site related to this case, Defendant, or its employees.

**RESPONSE:**

**REQUEST NO. 25:**  Social media postings since January 1, 2016 regarding your mental or emotional state, Defendant, or in any way related to your claims asserted in this lawsuit.

**RESPONSE:**

Respectfully submitted,

_____
Blaine R. Blood
**BINGHAM GREENEBAUM DOLL LLP**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Telephone:  502-587-3702
Facsimile:  502-588-1320
E-Mail:  bblood@bgdlegal.com

_____
Hillary J. Klein          Admitted *Pro Hac Vice*
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
423.757.5950
423.266.5499 (fax)
Hillary.klein@huschblackwell.com

*Pending Pro Hac Vice*

COUNSEL FOR DEFENDANT
TREEHOUSE PRIVATE BRANDS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was delivered via first class U.S. Mail, postage prepaid, this __1__ day of June, 2018, to:

Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street
Louisville, Kentucky  40202

COUNSEL FOR PLAINTIFF

_____
COUNSEL FOR DEFENDANT

EXHIBIT A

## **EMPLOYMENT AUTHORIZATION**

TO:


You are hereby authorized to furnish and release to any representative of Husch Blackwell LLP copies of any and all unedited personnel records or files, including, but not limited to, employment applications, attendance records, payroll records, medical records, workers' compensation records, and any other material or information concerning my employment. It is expressly agreed and understood that a photocopy of this authorization is as valid as the original.

<br>

                                        _____
                                        Michael Brown


STATE OF KENTUCKY            )
                             ) ss.
COUNTY OF _____    )


Subscribed and sworn to before me this _____ day of _____, 2018.



                                        _____
                                                Notary Public


My Commission Expires:

_____

**EXHIBIT B**

## HIPAA COMPLIANT AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

**Patient Name:** <u>Michael Brown</u> **Date of Birth:** _____ **Soc. Sec. #:** _____

I authorize _____ (Organization, Individual or Class of persons) to disclose all protected health information in any form (including oral, written and electronic) from <u>January 2013</u> to the present, to Husch Blackwell, (HB), 4801 Main Street, Suite 1000, Kansas City, Missouri 64112 or consultants, experts, and/or agents retained by HB. I authorize the release of all protected health information, as defined in 45 C.F.R. §160.103, including, but not limited to, the following:

- All medical records, including, but not limited to: inpatient, outpatient & emergency room treatment; all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes; and records received from other physicians or health care providers;
- All autopsy, laboratory, histology, cystology, pathology, radiology, CT Scan, MRI, echocardiogram & cardiac catheterization reports;
- All radiology films; mammograms; myelograms; CT Scans; photographs; bone scans; pathology, cytology, histology, autopsy, immuno-histo-chemistry specimens; cardiac catheterization videos/CDs/films/reels; and echocardiogram videos;
- All pharmacy prescription records, including, but not limited to: NDC numbers and drug information handouts/monographs;
- All billing records, including, but not limited to: all statements, itemized bills, and insurance records; and

The purpose of this release is to review and evaluate the protected medical information in connection with a legal claim. This authorization is effective until the legal claim, including any and all appeals, is resolved. I understand that I may revoke this authorization at any time, except to the extent that action has already been taken in reliance upon it, by giving written notice to HB. I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization. This information, once it is released, may be re-disclosed by the recipient, and if re-disclosed, the information would no longer be protected by the federal privacy rule. Any facsimile, copy or photocopy of the authorization authorizes you to release the records requested herein.

**Signature of Patient if 18 years of age or older** _____**Date** _____

---

*SPECIFIC authorization for release of information protected by state or federal law* **In addition to the authorization and other provisions contained above, hereby incorporated by reference, I authorize: (i) the release of data and information to HB; and (ii) HB's re-disclosure of the data and information to its consultants, experts, agents, and/or other counsel; any and all data, notes, records, reports, and/or any other documents and information relating to:**
☐ **1. Substance Abuse (Alcohol/Drug)**     ☐ **2. Mental Health (includes psychological testing)**   ☐ **3. HIV-related information**
This form does not authorize re-disclosure of medial information beyond the limits of this consent. Where information has been disclosed from records protected by federal law for alcohol/drug abuse records or by state law for mental health records, federal requirements (42 C.F.R. Part 2) and state requirements prohibit further disclosure without specific written consent of the patient, or as otherwise permitted by such law and/or regulations. A general authorization for the release of medical or other information is not sufficient for these purposes. Civil and/or criminal penalties may attach for unauthorized disclosure of alcohol/drug abuse or mental health information. Federal regulations state that any person who violates any provision of this law shall be fined not more than $500, in the case of a first offense, and not more than $5000 in the case of each subsequent offense. Drug Abuse Office and Treatment Act of 1972 (21 U.S.C. 1175); Comprehensive Alcohol Abuse Alcoholism Prevention, Treatment and Rehabilitation Act of 1970 (42 U.S.C. 4582).
**Signature of Patient if 18 years of age or older** _____ **Date** _____

---

**EXHIBIT C**

| Form **4506** | **Request for Copy of Tax Return** | |
|---|---|---|
| (Rev. October 2008) | ♦ **Do not sign this form unless all applicable lines have been completed.** Read the instructions on page 2. | OMB No. 1545-0429 |
| Department of the Treasury Internal Revenue Service | ♦ **Request may be rejected if the form is incomplete, illegible, or any required line was blank at the time of signature.** | |

**Tip:** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the tax return and usually contains the information that a third party (such as a mortgage company) requires. See Form 4506-T, Request for Transcript of Tax Return, or you can call 1-800-829-1040 to order a transcript.

| | | |
|---|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | | **1b** First social security number on tax return or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | | **2b** Second social security number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

**4** Previous address shown on the last return filed if different from line 3

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

**Caution:** *DO NOT SIGN* this form if a third party requires you to complete Form 4506, and lines 6 and 7 are blank.

**6** **Tax return requested.** (Form 1040, 1120, 941, etc.) and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ♦ _____

**Note.** *If the copies must be certified for court or administrative proceedings, check here.* _____ ☐

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

_____ / ___ / _____     _____ / ___ / _____     _____ / ___ / _____     _____ / ___ / _____

_____ / ___ / _____     _____ / ___ / _____     _____ / ___ / _____     _____ / ___ / _____

**8 Fee.** There is a $57 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.**

| | | | | | | |
|---|---|---|---|---|---|---|
| **a** | Cost | for | each | return | $ | **57.00** |
| **b** | Number | of | returns | requested | on | line 7 | $ |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here ___ ☐

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer.

Telephone number of taxpayer on line 1a or 2a
( )

**Sign Here**

♦ _____ **Signature** (see instructions)          Date

♦ _____ **Title** (if line 1a above is a corporation, partnership, estate, or trust)

♦ _____ **Spouse's signature**          Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**          Cat. No. 41721E          Form **4506** (Rev. 10-2008)

Form 4506 (Rev. 10-2008)                                                                              Page **2**

# General Instructions

*Section references are to the Internal Revenue Code.*

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate a third party to receive the tax return. See line 5.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different RAIVS teams, send your request to the team based on the address of your most recent return.

**Note.** *You can also call 1-800-829-1040 to request a transcript or get more information.*

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to the "Internal Revenue Service" at: |
| --- | --- |
| District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New York, Vermont | RAIVS Team Stop 679 Andover, MA 05501 |
| Alabama, Delaware, Florida, Georgia, North Carolina, Rhode Island, South Carolina, Virginia | RAIVS Team P.O. Box 47-421 Stop 91 Doraville, GA 30362 |
| Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Iowa, Kansas, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| Arkansas, Connecticut, Illinois, Indiana, Michigan, Missouri, New Jersey, Ohio, Pennsylvania, West Virginia | RAIVS Team Stop 6705-S-2 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to the "Internal Revenue Service" at: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

# Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 60 days of the date signed by the taxpayer or it will be rejected.

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.

NO. 17-CI-00645                                    OLDHAM CIRCUIT COURT
                                                      DIVISION ONE (1)
                                                   JUDGE KAREN A. CONRAD


MICHAEL BROWN                                                     PLAINTIFF

v.

TREEHOUSE PRIVATE BRANDS, INC.                                   DEFENDANT

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 33 of the Kentucky Rules of Civil Procedure, Plaintiff Michael Brown, by and through counsel, hereby propounds the following Interrogatories upon Defendant to be answered under oath within thirty (30) days of the date hereof, in accordance with the definitions and instructions contained herein.

Pursuant to Rule 34 of the Kentucky Rules of Civil Procedure, it is requested that Defendant produce for inspection each document and tangible thing requested within thirty (30) days after service of these requests for production, by either appending a copy of each such document, and by appending a photograph of such tangible thing, to Defendant's answers, or by delivering the original of each such document and thing to the office of Plaintiff's counsel for copying, and also indicating to which Interrogatory or Request for Production each such document and tangible thing is responsive.

These Interrogatories and Requests for Production are deemed to be continuing so as to require a prompt supplemental answer or response should Defendant obtain such further information relating thereto before the time of trial.


## DEFINITIONS AND INSTRUCTIONS

1

**A.**     **"you"** and **"your"**:  The person or entity(ies) to whom this request is addressed; its officers, directors, agents and employees, parent, subsidiary, division, affiliate, or any merged, consolidated, or acquired predecessor or successor; or any person acting on your behalf.

**B.**     **"documents"**:  As used in these definitions, instructions, Interrogatories and Request for Production, the term "document" or "documents" shall include, without limitation, originals, masters, duplications, summaries, and every copy of writings, including handwritings, and printed, or typed or other graphic or photographic matter including film or microfilm of any kind or nature, video tape, recordings (tape, disc or other) of oral communication and other data compilations from which information can be obtained, in the possession, custody or control of Defendant, or any present or former officers, employees or agents thereof, or known by Defendant to exist.

**C.**     The term **"person"** shall mean any individual, partnership, firm, corporation, association, joint venture, governmental agency, or any other business or legal entity.

**D.**     The term **"and/or"** means "and" and in the alternative "or" and shall be construed to require the broadest possible response to each Interrogatory.

**E.**     **"identify"**, **"identity"**, **"identification"**, **"describe"** or **"description"**:

> (1) When used in reference to an individual, shall mean to state their full name, present or last known residence address, business or official affiliation, business address, and phone number.

> (2) When used in reference to a corporation, shall mean to state its full name, officers, directors, shareholders, its state of incorporation, and its principal place of business.

> (3) When used in reference to a partnership, shall mean to state its full name, the identity (as defined) of each partner, and its principal place of business.

(4) When used in reference to a person other than an individual, corporation or partnership, shall mean to state their official name, their organizational form, if any, and their address.

(5) When used in reference to a communication, shall mean to state (a) whether such communication is oral or in writing; (b) if in writing, its date, author, addressee, custodian, title, present location and subject matter; (c) if oral, the date, persons participating, and the subject matter thereof. In lieu of identifying any written communication, copies thereof may be furnished to Plaintiff.

F.     **"communicate"** or **"communications"**: Every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.     As used in these definitions, instructions and interrogatories, the term **"oral communication"** shall mean any utterance heard by any person, whether in person, by telephone, computer mail, facsimile transmission, or otherwise.

H.     As used herein, the term **"thing"** means any physical object other than a document.

I.     The term **"policies"** or **"procedures"** shall refer to any rule, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was in existence or is recognized by Defendant.

J.     The term **"meeting"** shall refer to any assembly, convocation, or encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged or scheduled in advance.

K.     The term **"or"** shall be construed either conjunctively or disjunctively to bring within the scope of these Interrogatories and Requests for Production any information which might be construed to be outside their scope.

**L.**     The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

**M.**     The term **"Defendant"**, unless otherwise indicated, refers to Treehouse Private Brands, Inc and/or The Carriage House Companies, Inc.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the name, position, and affiliation to Defendant of each and every individual who was consulted and/or assisted in the preparation of Defendant's responses to these Interrogatories and for each such person specify for which Interrogatory they were consulted and/or provided assistance.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify the name and title of each and every individual who was involved in and/or was consulted in the decision to terminate Plaintiff's employment. A complete answer to this interrogatory will include the role each played in the decision-making process, the date and by whom the initial recommendation to terminate Plaintiff's employment was made; and the identity of the individual who had ultimate decision-making authority.

**ANSWER:**

4

**INTERROGATORY NO. 3:** Please identify each Material Handler at Defendant's Buckner, Kentucky facility from January 1, 2013 to the present.  A complete answer to this interrogatory shall include the individual's name, age, race, last known address and telephone number; whether the individual has filed a complaint regarding alleged discrimination; and whether the individual has been subject to any disciplinary action.

**ANSWER:**

**INTERROGATORY NO. 4:**  Please identify any occasion or incident during which Defendant contends that Plaintiff's work performance was unacceptable during his employment with Defendant.  A complete answer to this interrogatory shall include the date that Plaintiff's performance was unacceptable, the specific basis upon which Defendant contends that Plaintiff's work performance was unacceptable, and whether and how Plaintiff was notified of the alleged deficiency.

**ANSWER:**

**INTERROGATORY NO. 5:**  State with particularity, including all supporting facts, why Plaintiff's employment was terminated.

**ANSWER:**

5

**INTERROGATORY NO. 6**: For the period of December 10, 2007 to the present, please indicate all employees who were accused of engaging in any behavior similar to Plaintiff's alleged behavior described in Defendant's Answer to Interrogatory No. 5.  For each employee: state their name, race, age, the type of discipline administered, the date the discipline was administered, and the name(s) of all individual(s) involved in administering the discipline.

**ANSWER:**

**INTERROGATORY NO. 7:**  Please describe any internal investigation(s) conducted by Defendant in connection with any complaint(s) of discrimination made by Plaintiff from December 10, 2007 to the present, including but not limited to Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission.  A complete answer to this interrogatory shall include the following: the name of the individual(s) responsible for the investigation, the name of each individual who participated in the investigation, the date and time of each meeting held as part of and/or incident to the investigation and the name of each individual present at said meeting, the name, address, and telephone number for each individual interviewed and/or who provided a statement as part of the investigation,  a summary of any conclusions reached as a result of the investigation, and identify any individual(s) who was disciplined as a result of the investigation.

**ANSWER:**

6

**INTERROGATORY NO. 8:** Identify each person who has provided the Defendant or its attorneys with a statement (written or verbal) concerning this action or any facts or events underlying this action.  For each person identified, please provide the date on which the statement was provided, the names of those persons present when the state was provided and a brief summary of the substance of the statement.  Please identify all documents referenced or relied on in responding to this interrogatory, and any document that supports the Defendant's answer to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 9:**  Identify each and every organization who has requested information, employment or otherwise, from Defendant regarding the Plaintiff between December 10, 2007 and the present.  A complete answer to this interrogatory shall include the following: the name of the organization; the name of the individual who contacted Defendant on behalf of the organization; the date the organization contacted the Defendant; the name of the individual who received the organization's request on behalf of the Defendant; and the substance of the information requested by or provided to the organization.

**ANSWER:**

**INTERROGATORY NO. 10:** Please describe each meeting that Defendant conducted, or participated in, regarding Plaintiff, his work performance, his continued employment with

7

Defendant or this lawsuit between December 10, 2007 and the present. A complete answer to this interrogatory shall include the date, location, subject matter and identity of each individual present for the meeting(s).

**ANSWER:**

**INTERROGATORY NO. 11:**  Please describe any internal investigation(s) conducted by Defendant in connection with any complaint(s) made by any individual regarding allegations that Plaintiff pushed a co-worker down on or about August 21, 2016.  A complete answer to this interrogatory shall include the following: the name of the individual(s) responsible for the investigation, the name of each individual who participated in the investigation, the date and time of each meeting held as part of and/or incident to the investigation and the name of each individual present at said meeting, the name, address, and telephone number for each individual interviewed and/or who provided a statement as part of the investigation,  a summary of any conclusions reached as a result of the investigation, and identify any individual(s) who was disciplined as a result of the investigation.

**ANSWER:**

**INTERROGATORY NO. 12:** Please describe Defendant's policy and/or procedure for responding to complaints of discrimination and identify the individuals who are responsible for investigating those complaints.

8

**ANSWER:**

**INTERROGATORY NO. 13:** Describe Plaintiff's compensation history with Defendant.  A complete answer to this interrogatory will include the salary/hourly wage and/or commission that he was paid and the dates during which he was paid said wage; the average number of hours he worked per week during the last two years of his employment; and  a description of all other employment benefits Plaintiff received while employed including, but not limited to, medical insurance, dental insurance, life insurance, retirement funds, bonuses, ability to receive overtime pay, fringe benefits, vehicle allowances, travel allowances, expense accounts, use of company credit cards, stipends, and/or per diems; and, for each employment benefit described, state the monthly monetary value of this benefit to the employee including the monthly premium paid by Defendant and the monthly cost, if any, paid by the employee.

**ANSWER:**

**INTERROGATORY NO. 14:** Please state whether Defendant failed to interview Plaintiff's witnesses to an alleged incident that occurred on or about August 21, 2016, in which Plaintiff was accused of pushing down a co-worker.

**ANSWER:**

**INTERROGATORY NO. 15:**  Identify each document that is responsive to Plaintiff's First Requests for Production of Documents that you have not produced, specifically including those documents withheld based on a claim of privilege or attorney work-product.

**ANSWER:**

## VERIFICATION

I, _____, verify under penalty of perjury that the Answers to the foregoing Interrogatories are true and accurate.

_____
[Defendant's Representative]

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce any and all documents identified in response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:** Produce Plaintiff's complete personnel and/or employment file(s).

**RESPONSE:**

**REQUEST NO. 3:**  Produce any and all files, interviews, statements, tapes, transcripts, and/or other documents describing or otherwise related to the investigation of the allegations made in Plaintiff's Complaint and/or EEOC Charge of Discrimination.

**RESPONSE:**

**REQUEST NO. 4:** Produce any and all documents, manuals, handbooks, policies, procedures, notices, and/or directives, and any and all subsequent revisions thereof that reflect Defendant's policies regarding discrimination and harassment.

**RESPONSE:**

 

 

**REQUEST NO. 5:** Produce all payroll records for Plaintiff from December 10, 2007 to the date of his termination.

**RESPONSE:**

 

 

**REQUEST NO. 6:** Produce all documents or records that reflect Plaintiff's attendance from December 10, 2007 to the date of his termination.

**RESPONSE:**

 

 

**REQUEST NO. 7:** Produce all documents or records that reflect Plaintiff's schedule from December 10, 2007 to the date of his termination.

**RESPONSE:**

 

 

**REQUEST NO. 8:** Produce any and all documents, notices, correspondences (including e-mails), letters, and/or notes given and/or sent to Plaintiff by Defendant and/or any agent and/or employee thereof for the time period of December 10, 2007 to the present.

**RESPONSE:**

 

 

**REQUEST NO. 9:** Produce any and all documents, notices, correspondences (including e-mails), letters, and/or notes received by Defendant and/or any agent and/or employee thereof from Plaintiff for the time period of December 10, 2007 to the present.

**RESPONSE:**

11

**REQUEST NO. 10:**  Any and all letters, emails, notes, tape recordings, memoranda, and documents of any kind containing adverse, neutral, or favorable comments concerning Plaintiff for the time period of December 10, 2007 to the present.

**RESPONSE:**

**REQUEST NO. 11:**  All documents which you intend to introduce into evidence at the trial of this case or which may be used to refresh the recollections of witnesses at depositions or trial.

**RESPONSE:**

**REQUEST NO. 12:**  All statements and memos from, or relating to, witnesses or potential witnesses or persons contacted in connection with this case.

**RESPONSE:**

**REQUEST NO. 13:**  All documents which you contend support the defenses asserted in your answer to Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 14:**  Provide all organizational charts, personnel charts, descriptions, or other documents showing the identities, titles, and/or responsibilities of each person identified in Defendant's response to Plaintiff's Interrogatory Nos. 2, 3 and 6.

**RESPONSE:**

**REQUEST NO. 15:** Produce any and all documents (including emails) that were created prior to, during, and/or after any discussions, meetings, and/or conversations regarding Plaintiff between December 10, 2007 to the present.

**RESPONSE:**

**REQUEST NO. 16:** Produce the complete personnel and/or employment file(s) for each individual identified in Defendant's response to Interrogatory No. 2.

**RESPONSE:**

**REQUEST NO. 17:** Produce any and all appraisals, notes, evaluations, or comments regarding Plaintiff's work performance.

**RESPONSE:**

**REQUEST NO. 18:** Produce any and all appraisals, notes, evaluations, or comments regarding the performance of any individual identified in Defendant's response to Plaintiff's Interrogatory Nos. 3 and 6.

**RESPONSE:**

**REQUEST NO. 19:** Produce any and all documents reflecting disciplinary action administered to Plaintiff.

**RESPONSE:**

**REQUEST NO. 20:** Produce any and all documents reflecting disciplinary action of any type or level administered to any individual identified in Defendant's response to Plaintiff's Interrogatory No. 3 and 6.

13

**RESPONSE:**

**REQUEST NO. 21:** Produce any and all documents related to the investigation described in Defendant's responses to Plaintiff's Interrogatory Nos. 7 and 11 including, but not limited to, any emails, notes, minutes, forms, and memorandums created in anticipation of, during or as a result of any part of the investigation.

**RESPONSE:**

**REQUEST NO. 22:** Produce any and all emails drafted, sent and/or received by Ron Ridder, any individual in Defendant's Human Resources Department and/or any individual identified in Defendant's response to Plaintiff's Interrogatory No. 2 that mention Plaintiff, whether it be by name or implication for the time period of August 1, 2016 and the present.

**RESPONSE:**

**REQUEST NO. 23:** Produce all payroll records for the time period of January 1, 2013 to the present for the individuals listed in response to Plaintiff's Interrogatory Nos. 3 and 6.

**RESPONSE:**

**REQUEST NO. 24:**  Produce any and all documents that you intend to introduce as an exhibit during Plaintiff's deposition.

**RESPONSE**

**REQUEST NO. 25:**  Produce any and all documents that you obtain in this matter pursuant to a subpoena or third-party request for production.

**RESPONSE**

**REQUEST NO. 26:** Produce all job descriptions that applied to any position Plaintiff held during his employment.

**RESPONSE:**

**REQUEST NO. 27:** Produce any and all employee handbooks, manuals, policies or procedures that Defendant provided or made available to its employees between January 1, 2013 and the present.

**RESPONSE:**

**REQUEST NO. 28:** Produce any documents that were sent to or received from any organization identified in Defendant's response to Plaintiff's Interrogatory No. 9.

**RESPONSE:**

**REQUEST NO. 29:** To the extent that any documents are not produced due to the assertion that they are privileged, please produce a privilege log.

**RESPONSE**

**REQUEST NO. 30:** Produce any document that describes the fee agreement between the Defendant and its attorneys.

**RESPONSE:**

Respectfully submitted,

/s/ Mauricus R. Lofton
Mauricus R. Lofton
Biesecker Dutkanych & Macer, LLC
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418

15

Facsimile: (812) 424-1005
Email: mlofton@bdlegal.com
*Counsel for Plaintiff, Michael Brown*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2018 a copy of the foregoing was provided to the parties below by email and by U.S. mail.

Hillary L. Klein
Husch Blackwell
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: (423) 757 5950
Facsimile: (423) 266-5499
Email: Hillary.klein@huschblackwell.com

Blaine R. Blood
Bingham Greenbaum Doll, LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 587-3702
Facsimile: (502) 588-1320
Email: bblood@bgdlegal.com

*Counsel for Defendant,*
*Treehouse Private Brands, Inc. and/or*
*The Carriage House Companies, Inc.*

NO. 17-CI-00645                                   OLDHAM CIRCUIT COURT
                                                      DIVISION ONE (1)
                                                  JUDGE KAREN A. CONRAD


MICHAEL BROWN                                                    PLAINTIFF

v.

TREEHOUSE PRIVATE BRANDS, INC.                                  DEFENDANT

### PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Kentucky Rules of Civil Procedure, Plaintiff, Michael Brown, by counsel, provides the following supplemental answers and objections to Defendant's First Set of Interrogatories.

### GENERAL OBJECTIONS

1.    Only relevant and discoverable information shall be provided. Requested information will not be identified or produced if it exceeds the scope of discovery.

2.    No attorney/client privileged, or work product documents shall be produced. To the extent that any privileged information is provided, it shall not constitute a waiver of the privilege as to any other information.

3.    Plaintiff reserves the right to object to the use of any answer produced pursuant to these interrogatories and requests in any subsequent proceeding or in the trial of this or any other action on any grounds.

4.    Plaintiff reserves the right to object on any ground at any time to a demand for further responses to these Interrogatories or Requests for Production.

1

## SPECIFIC OBJECTIONS AND INTERROGATORY RESPONSES

2. Please state in detail any and all damages you claim in this lawsuit to have sustained as a result of the acts or omission of Defendant. Please include in your answer your separate calculations of each and every element of damages. In addition, please identify any and all documents related to or which reference such damages.

   **ANSWER:** Objection. This request is overly broad. Without waiving this objection, Plaintiff is seeking compensation for all economic benefits or monetary losses suffered as a result of the Defendant's unlawful actions including, compensatory damages, punitive damages, attorney's fees and costs. Plaintiff's total lost wages are approximately $74,900. This calculation is based on Plaintiff's weekly pay rate of $700. To date, Plaintiff has been terminated for 107 weeks. Plaintiff's attorney's fees and costs are approximately $2,000. Plaintiff states that additional discovery is needed to calculate the total of any lost benefits.

   Respectfully submitted,

   BIESECKER DUTKANYCH & MACER, LLC

   /s/Mauricus R. Lofton
   Mauricus R. Lofton
   101 N. Seventh Street
   Louisville, Kentucky 40202
   (502) 561-3418 (telephone)
   (812) 424- 1005 (fax)
   Email: mlofton@bdlegal.com
   *Counsel for Plaintiff, Michael Brown*

## CERTIFICATE OF SERVICE

   I hereby certify that on the 19th day of September, 2018 a copy of the foregoing was provided by U.S. mail, postage pre-paid to the parties below.

Hillary L. Klein
Husch Blackwell LLP

5

736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: (423) 757-5950
Facsimile: (423) 266-5499
Email: Hillary.klein@huschblackwell.com

*Counsel for Defendant,*
*Treehouse Private Brands, Inc.*

/s/Mauricus R. Lofton
Mauricus R. Lofton